FILED

2005 Jul-05  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SANDRA MURPHY, and | ) | |
| GEORGE T.  MURPHY, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.: CV-05-0404-VEH** |
| | ) | |
| v. | ) | |
| | ) | |
| OCWEN FEDERAL BANK, FSB,[1] | ) | |
| et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OF OPINION

This case is before the Court on the Motion to Remand, filed by the Plaintiffs,

Sandra and George Murphy. (Doc. 15).  The Defendants, Ocwen Federal Bank, FSB,[1]

First Franklin Financial Corporation, AmeriCapital Funding Corporation, and New

Century Mortgage Corporation, removed the action to this Court on February 23,

2005, asserting jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and 28

U.S.C.A. § 1332 (diversity of citizenship).  (Doc. 1).  Plaintiffs filed a motion to

remand on March 18, 2005. (Doc. 15). The Defendants filed their opposition to the

motion (Doc. 19), and the Plaintiffs replied on April 21, 2005.

---

[1]Ocwen Bank has since settled and been dismissed from the case.

## BACKGROUND

Plaintiffs filed suit against the Defendants in the Circuit Court of Jefferson County, Alabama on January 19, 2005.  In their complaint, the Plaintiffs assert what they claim to be the state law causes of action of fraudulent suppression (Counts I, IV), fraudulent misrepresentation (Counts II, III), breach of contract (Count V), negligence (Count VI), wantonness (Count VII), intentional infliction of emotional distress (Count VII), conversion (Count IX), money paid by mistake (Count X), defamation (Count XI), and civil conspiracy (Count XII).

According to the Plaintiffs, Defendant, AmeriCapital Funding Corporation (AmeriCapital), originated and closed a Note and Mortgage on the Plaintiffs' property. (Compl. ¶¶ 8-9).  The Plaintiffs allege that the servicing rights of this loan were transferred to one or more Defendants. (*Id.* at ¶ 11).  The Plaintiffs contend that the Defendants improperly charged the Plaintiffs late fees when the Plaintiffs sent their mortgage payments to the prior loan servicer, AmeriCapital.  (*Id.* at ¶ 12). Further, the Plaintiffs maintain that the Defendants improperly held payments until the payments were past due and improperly returned payments, causing the Plaintiffs' payments to be late. (*Id*. at ¶¶ 15-16).  Also, the Plaintiffs allege that the Defendants improperly charged certain fees, finance charges, and penalties related to foreclosure

proceedings and, as a result of the Defendants' misapplication of funds and miscalculations of amounts owed, the Plaintiffs maintain that they were forced to enter into one or more forebearance agreements. (*Id*. at ¶¶ 17-19). The Plaintiffs allege that the Defendants "force-placed insurance on the Plaintiffs' home, and that the Defendants misreported the status and amount of the Plaintiffs' loan to various credit reporting agencies." (*Id*. at ¶¶ 24-25). Finally, the Plaintiffs aver that the Defendants failed to disclose "any and/or all of these fees, finance charges, and/or penalties, prior to the closing of Plaintiffs' loan which they had a duty to disclose." (*Id*. at ¶ 28). The Defendants removed this action to federal court asserting that removal was proper on the grounds of diversity jurisdiction and federal-question jurisdiction. (Doc. 1 at 1-2).

On this motion to remand three issues exist. First, whether the Plaintiffs' claims of fraudulent suppression, fraudulent misrepresentation, breach of contract, negligence, wantonness, intentional infliction of emotional distress, conversion, money paid by mistake, defamation, and civil conspiracy against the originating mortgage company and the subsequent holders of the mortgage are completely preempted by the Home Owner's Loan Act (HOLA). Second, whether the Plaintiffs' action, which is filed under applicable Alabama law, necessitates the resolution of substantial disputed questions of federal law such that the Plaintiffs' case directly

arises under federal law pursuant to 28 U.S.C. §§ 1331, 1441(b).  Finally, whether this court should consider a non-served resident defendant (AmeriCapital) for purposes of determining whether removal was proper on the grounds of diversity jurisdiction under 28 U.S.C. § 1441(b).

## STANDARD FOR REMAND

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).  For removal to be proper, the court must have subject-matter jurisdiction in the case.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the Defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  In addition, the removal statute must be strictly construed against removal, and any doubts should be resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

The removing Defendants bear the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the Defendant bears the burden of proving subject-matter jurisdiction in removed actions).

## DISCUSSION

## I. FEDERAL-QUESTION JURISDICTION

The removing Defendants invoke the Court's jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. 1).  Plaintiffs contest the jurisdiction of the Court. (Doc. 15).  Federal question jurisdiction requires that the "action aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "The phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8 (1983).  The Defendants assert that the Plaintiffs' action arises under federal law because the claims are completely preempted by federal law or, in the alternative, that the claims necessitate the resolution of substantial questions of federal law.  (Doc. 1 at ¶¶ 6-15).

## A. COMPLETE PREEMPTION

The Defendants assert that the Plaintiffs' claims of fraudulent suppression, fraudulent misrepresentation, breach of contract, negligence, wantonness, intentional infliction of emotional distress, conversion, money paid by mistake, defamation, and civil conspiracy are completely preempted by the HOLA and, thus, removal on the basis of complete preemption is proper. (*Id.*).  However, the Defendants' assertion is without merit.

Complete preemption is a "narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law claims." *Dunlap v. G & L Holding Group, Inc.*, 381 F.3d 1285, 1291 (11th Cir. 2004) *citing Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1353 (11th Cir. 2003), *cert. denied*, 540 U.S. 946 (2003).  Moreover, "the Supreme Court has admonished that federal law should be found to completely preempt state law only in statutes with 'extraordinary preemptive force.'"  *Dunlap,* 381 F.3d at 1291, *quoting Geddes*, 321 F.3d at 1353.

> To date, the Supreme Court has identified only three statutes that completely preempt related state-law claims: (1) § 301 of the Labor Management Relations Act, 29 U.S.C. § 185; (2) § 1132 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*.; and (3) §§ 85 and 86 of the National Banking Act, 12 U.S.C. § 21 *et seq*.

*Id.*  When complete preemption occurs, the state law claim "is transformed into a claim 'arising under' federal law." *Id.*  Thus, a state law claim completely preempted by federal law "is then removable under 28 U.S.C. § 1441(b)." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (holding that the National Banking Act, 12 U.S.C. §§ 85-86, completely preempts all substantive and remedial provisions of state usury laws in actions against nationally chartered banks).

The Defendants contend that the HOLA, 12 U.S.C. §§ 1461 et seq., completely

preempts the Plaintiffs' allegations of excessive finance charges brought under

Alabama law.  (Notice of Removal ¶¶ 7, 8).  The Defendants rely on 12 U.S.C. §§

1463 (g)(1)-(2), which provide for the preemption of state usury laws.  *Id.*  Those

sections state the following:

> (1) Notwithstanding any State law, a savings association may charge interest on any extension of credit at a rate of not more than 1 percent in excess of the discount rate on 90-day commercial paper in effect at the Federal Reserve bank in the Federal Reserve district in which such savings association is located or at the rate allowed by the laws of the State in which such savings association is located, whichever is greater.
>
> (2) If the rate prescribed in paragraph (1) exceeds the rate such savings association would be permitted to charge in the absence of this subsection, the receiving or charging a greater rate of interest than that prescribed by paragraph (1), when knowingly done, shall be deemed a forfeiture of the entire interest which the extension of credit carries with it, or which has been agreed to be paid thereon. If such greater rate of interest has been paid, the person who paid it may recover, in a civil action commenced in a court of appropriate jurisdiction not later than 2 years after the date of such payment, an amount equal to twice the amount of the interest paid from the savings association taking or receiving such interest.

12 U.S.C. §§ 1463 (g)(1)-(2).

This Defendant has argued on similar grounds against remand in this court

without success.  *See* Order of Remand, *Collins v. Ocwen Fed. Bank*, Case No. CV-J-

2811-S, p. 6 (N.D. Ala. 2004).  In *Collins*, Judge Inge Johnson held that "usury laws [were] not at issue," because the "Plaintiffs sue[d] on their belief that the defendants lied to them regarding whether prepayment penalties would apply to their mortgage." *Id.*  Similarly, in the instant case, the Plaintiffs argue that the charges were improper because of a lack of notice, not excessiveness of amount.  (Compl. ¶ 31).  Thus, the Plaintiffs' claims that the Defendants charged fees without sufficient notice do not fall under the federal usury laws proscribed in 12 U.S.C. §§ 1463 (g)(1)-(2).  Because the Plaintiffs' claims do not fall under the HOLA, analysis of whether the HOLA completely preempts the Plaintiffs' state law claims is unnecessary.  Accordingly, the Plaintiffs' claims are not removable to this court on the basis of complete preemption.

### B. CLAIMS ARISING UNDER FEDERAL LAW

The Defendants assert that the Plaintiffs' allegations of fraudulent suppression and intentional infliction of emotional distress are removable to this court pursuant to 28 U.S.C. § 1331, because the Plaintiffs assert "claims the resolution of which will necessitate adjudication of substantial, disputed questions of federal law."  (Doc. 1 at ¶¶ 5, 11-15) (*citing* Compl. at ¶¶ 47-48, 63).  However, the Plaintiffs' claims do not require proof of violations of federal laws as prerequisites.  Accordingly, the Plaintiffs' action was not removable to this court.

The United States Supreme Court has held that:

> To bring a case within the [removal] statute, a right or
> immunity created by the Constitution or laws of the United
> States must be an element, and an essential one, of the
> plaintiff's cause of action. . .  The right or immunity must
> be such that it will be supported if the Constitution or laws
> of the United States are given one construction or effect,
> and defeated if they receive another.

*Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936).   The presence of federal-

question jurisdiction exists only when a federal question is presented on the face of

the Plaintiffs' complaint.  *See id.* at 112-13.

First, the Defendants argue that the Plaintiffs' claim of fraudulent suppression

presents a question under the Truth in Lending Act (TILA), 15 U.S.C. § 1638. (Doc.

1 at  ¶ 12).   In support of this contention, Defendants argue that under applicable

Alabama law "there is no duty to make disclosures concerning a consumer credit

transaction other than those required by federal law."  (Doc. 1 at  ¶ 12) (*citing* Ala.

Code § 5-19-6).    Because state law does not provide the necessary disclosure

obligation, the Defendants urge the court to infer that federal law, in particular TILA,

must due so.   As authority for this argument, the defendants rely on *Alison v.*

*Household Fin. Corp.,* No. 04-0254, slip op. at 4-5 (S.D. Ala. Aug. 2, 2004).

In *Alison,* a district court of the Southern District of Alabama held that removal

was clearly proper where the scope of the defendant's duty to provide preclosing

disclosures turned on whether the loan at issue was an open end loan as defined in the

Truth-in-Lending-Act.  *Id.*  The existence in *Alison* of a question as to how the loan

should be defined was critical to the court's conclusion that the plaintiff's claim

presented a necessary federal question.  By contrast, in the instant case, it is

unnecessary to use the TILA to define the loan in question as closed end or open end.

The Plaintiffs' allegations that the Defendants failed  to disclose any and all "fees,

finance charges, and/or penalties prior to closing" does not turn on how the loan is

classified under the TILA.  (Compl. at ¶ 28).  Moreover, neither party disputes the

classification of the loan.  Thus, the Defendants' contention that *Alison* is applicable

to this case is without merit.

The Plaintiffs urge the court to follow *Anderson v. Household Fin. Corp.*, 900

F. Supp. 386, 389 (M.D. Ala. 1995).  In *Anderson,* the plaintiff filed in state court

averring that the defendant "misrepresented and failed to disclose material facts

which induced the plaintiff to enter into a note or mortgage." *Anderson*, 900 F. Supp.

at 387.  The defendant removed the plaintiff's action to federal court, asserting

federal question jurisdiction based on the fact that the plaintiff's claim for relief

involved application of the TILA. *Id.* at 387-88.  However, the plaintiff asserted that

he was "seeking relief only under state law, thus, precluding removal based upon

federal laws and regulation." *Id.*  In *Anderson,* Judge De Ment granted the plaintiff's

Motion to Remand, holding that

> The causes of action are supported by alternative theories
> of state law, and the TILA is not essential to any of those
> theories. The alternative theories of state law include fraud,
> misrepresentation, suppression of material facts, and fraud
> in continuing to receive payments. These are state law
> claims the determination of which must be left to the state
> court system. Moreover, retaining jurisdiction over this
> action would interfere with a state court's right to decide
> and interpret its own law as applied to the facts of this case.

*Id.* at 389.

A similar result should occur in the instant case because the Plaintiffs' cause

of action is supported by alternative theories of state law, including fraudulent

misrepresentation.  (*See* Compl. at ¶¶ 35-39).  Also, the Plaintiff explicitly pled all

state law claims and explicitly disclaimed any right to relief under federal law.  (*See*

Compl. at ¶ 29).  Accordingly, the Plaintiffs' complaint does not present a federal

question under the TILA and, therefore, the Defendants' assertion that the Plaintiffs'

claim of fraudulent suppression requires resolution of substantial federal questions

is without merit.

Second, the Defendants allege that their duty not to undertake "any conduct the

natural consequence of which is to harass, oppress, or abuse" arises under the Fair

Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e(4), thus requiring the resolution of substantial federal questions. (Doc. 1 at ¶¶ 14-15). Accordingly, the Defendants assert that removal was proper on the basis of federal-question jurisdiction. *Id.* However, the Plaintiffs assert that their right of recovery is based on intentional infliction of emotional distress or the tort of outrage and nuisance. (Doc. 15 at 11). The Eleventh Circuit has ruled that "[i]f a plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court." *Kemp v. Int'l Business Machines Corp.,* 109 F.3d 708, 712 (11th Cir. 1997) (*citing* Wright, Miller & Cooper, Fed. Prac. & Proc: Jurisdiction 2d § 3566 (1984)). Significantly, there is a qualification to the well-pleaded complaint rule - complete preemption. *Kemp*, 109 F.3d at 712. However, in the instant case, the Defendants do not assert that the FDCPA completely preempts the Plaintiffs' state law claims. (*See* Notice of Removal at ¶¶ 6-15). Accordingly, the Plaintiffs' causes of action brought under the tort of outrage and nuisance do not arise under federal law.

While the Defendants may wish to assert, as defenses, that their actions did not violate the TILA or the FDCPA, "a case may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393.

Finally, the Plaintiffs' claims are brought under applicable state law which are not preempted by the TILA or the FDCPA.  Also, the Plaintiffs' claims do not necessitate the resolution of substantial disputed questions of federal law and, thus, the Plaintiffs' case does not directly arise under federal law.  Thus, the Plaintiffs' action was improperly removed to this court on the basis of federal-question jurisdiction.

## II. DIVERSITY JURISDICTION

In assessing whether the Defendants are entitled to remove the Plaintiffs' action, this court will consider all named defendants in order to justify removal.  *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) (holding that "the fact that a resident defendant has not been served with process does not justify removal").  The *Pullman* court relied on an earlier removal statute that stated in pertinent part:

> [W]hen in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district.

*Pecherski v. Gen'l Motors Corp.,* 636 F.2d 1156, 1159 (8th Cir. 1981) (quoting 28 U.S.C. § 71 (1940)) (holding that despite the "joined and served" provision of section

1441(b), the prevailing view is that the mere failure to serve a defendant who would

defeat diversity jurisdiction does not permit a court to ignore that defendant in

determining the propriety of removal).   After *Pullman*, Congress amended the

removal statute to add § 1441.  *Beritiech v. Metropolitan Life Ins. Co.*, 881 F. Supp.

557, 559 (S.D. Ala. 1995).  The current version of the statute, 28 U.S.C. § 1441(b)

(1994),  provides in pertinent part that:

> Any other such action [actions not founded on a claim or
> right arising under the Constitution, treaties or laws of the
> United States] shall be removable only if none of the
> parties in interest *properly joined and served* as defendants
> is a citizen of the State in which such action is brought.

(emphasis added). The issue before this court is whether § 1441(b) supercedes

*Pullman*. Courts are divided over this issue.  *Beritiech,* 881 F. Supp. at 559.

The United States District Court for the Northern District of Alabama has ruled

that "the statute [28 U.S.C. § 1441(b)] is clear;" and "that the unambiguous language

of the statute should be construed exactly as written," because "[i]n the absence of a

clearly expressed legislative intent to the contrary, unambiguous statutory language

must be given its plain meaning."  *Mask v. Chrysler Corp.*, 825 F. Supp. 285, 289

(N.D. Ala. 1993) (holding that removal was proper where diversity of parties existed

at the time the notice of removal was filed because the resident defendant car dealer

had not been served), *aff'd* 29 F.3d 641 (11th Cir. 1994).   The *Mask* court ultimately

held that the citizenship of the non-served resident defendant did not defeat removal

jurisdiction.  *Mask,* 825 F. Supp. at 289.  While the Eleventh Circuit affirmed, it did

so without opinion.  *Mask*, 29 F.3d at 641.  Thus, the *Mask* decision is not binding in

this circuit.  11th Cir. R. 36-2.  *Beritiech*, 881 F.Supp. at 560, n.2.

Contrary to the holding in *Mask*, however,  "the United States Supreme Court

has long held that the fact that a resident defendant has not been served with process

does not justify removal by the non-resident defendants."  *Everett v. MTD Products,*

*Inc.,* 947 F. Supp. 441, 443-44 (N.D. Ala. 1996), *citing Pullman*, 305 U.S. at 541.

Further, Alabama district courts have consistently held that the citizenship of

unserved defendants is to be considered for removal purposes.  *See Everett,* 947 F.

Supp. at 443; *Partin v. Cableview, Inc.*, 948 F. Supp. 1046, 1048 (S.D. Ala. 1996);

*Burke v. Humana Ins. Co.*, 932 F. Supp. 274, 275 (M.D. Ala. 1996); *Beritiech*, 881

F. Supp. at 560.

In *Everett,* the United States District Court for the Northern District of

Alabama held that it did not find "the alternative holding of *Mask* to be persuasive

and therefore respectfully but firmly decline[d] to follow this decision." *Everett*, 947

F. Supp. at 443. Further, the *Everett* court held that "the great weight of authority

holds that  § 1441 (b) did not change the removal requirement set forth in *Pullman*

that a federal district court in determining the propriety of a removal based on diversity of citizenship must consider all defendants, regardless of service." *Id.* at 444. Finally, the *Everett* court concluded that "[t]he *Pullman* rule long ago enunciated by the United States Supreme Court thus remains the correct rule to follow today: "[W]here a non-separable controversy involves both a non-resident and a resident defendant, the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendants." *Id.*

In *Beritiech,* the United States District Court for the Southern District of Alabama stated that the district court "must construe removal jurisdiction narrowly to limit federal jurisdiction and prevent encroachment on the state court's right to actions properly before it, especially in diversity actions." *Beritiech*, 881 F. Supp. at 559. The *Beritiech* court stated that "28 U.S.C. § 1441(b) must be read in conjunction with § 1441 (a)." *Id.* at 560. Further, the court opined that "§ 1441(b) does not change the general rule of § 1441 (a), that a civil action is not removable unless the district court would have original jurisdiction over the suit." *Id.* In other words, "§ 1441(b) does not qualify the requirement of § 1441(a) that there must be complete diversity between the named opposing parties." *Id.* Accordingly, the *Beritiech* court held that 28 U.S.C. § 1441(b) did not change the removal requirement set forth in *Pullman*. *Id.*

Significantly, the *Pullman* court noted that "[i]t is always open to the non-resident defendant to show that the resident defendant has not been joined in good faith and for that reason should not be considered in determining the right to remove." *Pullman*, 305 U.S. at 541.  However, in the instant case, no such allegation has been raised by the Defendant, and the likelihood that such an allegation would be raised is unlikely since AmeriCapital "originated and closed the mortgage transaction" which gives rise to the current controversy. (Compl. ¶ 9).

Finally, in the instant case, the Plaintiffs state that AmeriCapital Funding Corporation (AmeriCapital) is an Alabama corporation doing business in Alabama. (Compl. at ¶ 5).  Accordingly, the Plaintiffs, relying on *Pullman* and the majority of Alabama District Court decisions, maintain that "even though AmeriCapital had not been served at the time of removal, its citizenship is still considered for purposes of removal." (Doc. 15 at 4).  However, the Defendants, relying on *Mask*, contend that "AmeriCapital can be disregarded for purposes of assessing diversity jurisdiction because it has not been served." (Doc. 1 at ¶ 21).  In assessing whether the Defendants are entitled to remove the Plaintiffs' action, the weight of authority reveals that 28 U.S.C. § 1441(b) does not supercede the rule set forth in *Pullman*. Accordingly, this court will consider all named Defendants and, thus, finds that the Defendants' removal was improper under 28 U.S.C. § 1441(b) because the inclusion

of AmeriCapital for purposes of assessing removal jurisdiction destroys complete diversity of parties.  In short, the Plaintiffs' action is due to be remanded.

## CONCLUSION

Because this Court lacks jurisdiction to decide this case, the Plaintiff's motion to remand is due be **GRANTED**.  A separate order will be entered.

**DONE** and **ORDERED** this 5th day of July, 2005.


_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge